## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY L. PETERSON | ) | |
| (K-56456), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 16 C 1135 |
| v. | ) | |
| | ) | |
| DR. DAVID DAVIDA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Sidney Peterson's ("Peterson") motion for leave to proceed *in forma pauperis* ("IFP") [3] is granted. The Court orders the trust fund officer at Peterson's place of incarceration to deduct $29.30 from Peterson's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this Order. Defendants Dr. Davida, Nurse Mays, Nurse Coleman, Warden Williams, Assistant Warden Tejada, Lieutenant English and the Illinois Department of Corrections Deputy Director Gomez are dismissed. Peterson's complaint may proceed against Officers Farley, Sanders Redd, and Gee. The Clerk shall issue summonses for these Defendants. The Clerk is directed to send Peterson: a Magistrate Judge Consent Form and Instructions for Submitting Documents, a copy of this Order, and four blank USM-285 service forms. The U.S. Marshal is appointed to serve Defendants, but will not do so until completed service forms are received. Peterson thus must return to the Court completed service forms within thirty-five (35) days of the date of this Order. Peterson's failure to return the forms may result in dismissal of Defendants, as well as dismissal of this case for failing to prosecute it. Peterson's motion for attorney representation [4] is denied without prejudice.

## STATEMENT

Peterson, an inmate currently confined at Hill Correctional Center, brings this 42 U.S.C. § 1983 suit concerning events that occurred while he was at Stateville Correctional Center. Named as Defendants are the following medical personnel and officers: Dr. A. Davida, Nurse Sarah Mays, Nurse Loreatha Coleman, former

Stateville Warden Tarry Williams, Assistant Warden Tejada, Lieutenant English and Lieutenant Officer Farley, Officer Sanders, Officer C. Redd, and Officer M. Gee, and Illinois Department of Corrections Deputy Director Gomez. Peterson alleges that in 2015 Dr. Davida prescribed him and Nurse Mays gave him Podocon-25, a topical solution for the treatment of anal and genital warts. Peterson later learned that Podocon-25 should not be used by persons with diabetes, which he has (he states he takes 500 milligrams of Metformin daily but not insulin). He developed soars on his penis, which Nurse Coleman allegedly refused to touch when Peterson asked her for medical assistance.

Peterson alleges that Dr. Davida issued medical permits for him to have access to showers every other day because of the Podocon-25 ointment—whether the permits were issued in response to the reaction that Peterson experienced or when the Podocon was prescribed is unclear. Regardless the reason, one day while Peterson was out of his cell, Officer Farley searched it. Peterson alleges the search was unauthorized and overly harsh, such that items were destroyed or taken, including Peterson's shower permits. Allegedly, Officers Sanders, Redd, and Gee knew Peterson's permits had been destroyed by Officer Farley, but failed to intervene to correct the situation. Peterson states he went fourteen days without shower permits. Allegedly, Lieutenant English, Assistant Warden Tejada, and Warden Tarry Williams were aware of Officer Farley's actions but "chose not to intercede to aid the welfare of the Plaintiff." Compl. at 16. As to Deputy Director Gomez, he is listed as a Defendant but is not mentioned again in Peterson's allegations.

Currently before the Court are Peterson's motion for leave to proceed *in forma pauperis*, his complaint for initial review pursuant to 28 U.S.C. § 1915A, and his motion for the recruitment of counsel.

Peterson's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee, and the Court thus grants his request to file his complaint *in forma pauperis*. Pursuant to 28 U.S.C. §§ 1915(b)(1) & (2), the Court orders Peterson to: (1) immediately pay (and the facility having custody of him to automatically remit) $29.30 to the Clerk of Court for payment of the initial partial filing fee; and (2) pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350.00 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this Order is mailed to each facility where Peterson is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Peterson's name and the case number assigned to this case.

As to Peterson's complaint, some, but not all, of its claims may proceed. Under 28 U.S.C. § 1915A, this Court must conduct a preliminary review of a complaint filed by a prisoner and dismiss the complaint, or any claim therein, if the complaint or claim is frivolous, fails to state a claim upon which relief can be granted, or seeks money damages against a party immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner they review ordinary Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). "A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Federal Rule of Civil Procedure 8(a)(2), ("Rule 8(a)(2)"), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true," *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013), "draw all reasonable inferences from those facts in favor of the plaintiff," *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), and construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Peterson's allegations state valid claims against some, but not all, Defendants. Peterson has brought a 42 U.S.C. § 1983 civil rights action, which is based on the violation of a federal constitutional right. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A constitutional violation with respect to an inmate's medical needs requires proof of deliberate indifference. *See Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008). To establish deliberate indifference, a plaintiff must show both: (1) that he suffered an objectively serious medical condition; and (2) that the defendant acted with deliberate disregard to that condition, i.e., he or she was actually aware of the condition and serious risk of harm, but refused to take reasonable steps to address it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). "Negligence, gross negligence, or even 'recklessness' as that term is used in tort cases, is not enough." *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (citation omitted); *see also Johnson v. Doughty*, 433 F.3d 1001, 1012–13 (7th Cir. 2006) ("medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference"). Rather, the infliction of suffering on the

3

inmate must have been "deliberate, or reckless in the criminal law sense." *Burton*, 433 F.3d at 785.

Peterson's description of Dr. Davida's and Nurse Mays' actions—prescribing and administering a medication for the treatment of his anal and genital warts without knowing or researching whether the drug should not be given to diabetics—describes malpractice or even gross negligence, but not deliberate indifference. Prescribing the wrong medication does not, by itself, amount to deliberate indifference. *See Tucker v. Stevenson*, No. 12-222-GPM, 2012 WL 895439 at *3 (S.D. Ill. Mar. 15, 2012) (mistakenly administering a drug to which the inmate was allergic was negligent or even grossly negligent, but not deliberate indifference); *Palmer v. Randle*, No. 10-CV-718-MJR, 2011 WL 2470062, at *5 (S.D. Ill. June 20, 2011) (same); *see also Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(quoting *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (to demonstrate deliberate indifference based on a physician's treatment decision, "the decision [must be] so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment"); *but see Arnett v. Webster*, 658 F.3d 742, 752 (7th Cir. 2011) (a physician's repeated prescribing of medication he knows to be ineffective can amount to deliberate indifference). Peterson's allegations about Dr. Davida's and Nurse Mays' actions, even liberally construed, indicate at most negligence or possibly even recklessness in the tort sense, but not deliberate indifference. If there are additional facts about Dr. Davida and Nurse Mays not alleged in the complaint that indicate deliberate indifference, Peterson may seek to submit an amended complaint; however, the claims against Dr. Davida and Nurse Mays, as currently stated, are dismissed.

Peterson's allegations against Nurse Coleman also do not state a § 1983 claim. Peterson alleges simply that Nurse Coleman refused to touch his penis. He does not state, however, that Nurse Coleman refused to examine or treat him. While the refusal to attend to a serious medical condition can give rise to a deliberate indifference claim, "[t]he Eighth Amendment does not give prisoners entitlement to 'demand specific care.'" *Jackson v. Lawrence Corr. Ctr. Health Care*, No. 15-CV-00082-JPG, 2015 WL 1578020, at *3 (S.D. Ill. Apr. 2, 2015), quoting *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). The Court cannot determine from Peterson's allegations if Nurse Coleman refused to provide reasonable medical assistance for his condition or if she simply refused to touch his penis while examining him. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility' of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557.) Peterson's allegations against Nurse Coleman provide too little to infer a claim of deliberate indifference. Thus, the claim against Nurse Coleman is dismissed. Again,

if there is more to this claim than what is stated in the complaint, Peterson may seek to file an amended complaint with additional allegations.

Unlike the allegations against the medical Defendants, Peterson's allegations about Officer Farley, state a valid § 1983 claim. Peterson alleges Officer Farley searched his cell and knowingly destroyed medical permits for additional shower access. The Court notes that inmates have no constitutional right to be free of cell searches. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *Hanrahan v. Lane*, 747 F.2d 1137, 1139 (7th Cir. 1984). Even the destruction of property during an overzealous search does not usually give rise to a constitutional claim. *Gable v. City of Chi.*, 296 F.3d 531, 539-40 (7th Cir. 2002) (Illinois cause of action for replevin provides an adequate postdeprivation remedy). However, an officer's interference with a doctor's prescribed treatment can establish deliberate indifference. *See Chapman*, 241 F.3d at 845-46. Peterson states that Officer Farley knowingly destroyed or confiscated his medical permits. Compl. at 15. Such allegations, if true, can establish deliberate indifference to Peterson's serious medical needs. Thus, Peterson's claims against Officer Farley may proceed. The Court notes that it dismissed Peterson's prior complaint that may have addressed the same search. *Peterson v. Farley*, No. 15 C 4183 (N.D. Ill.) (Order of 6/2/15). Peterson's prior complaint, however, focused on the search being unauthorized and destructive, not Officer Farley's alleged interference with prescribed medical treatment. The current complaint asserts that Officer Farley destroyed or confiscated Peterson's medical permits, thereby alleging interference with a doctor's prescribed treatment. Accordingly, the current complaint may proceed against Officer Farley.

Peterson's allegations that Officers Sanders, Redd, and M. Gee were aware of Officer Farley's actions and of Peterson's medical needs, but let him "suffer for over a period of 14 days" also state a claim. *See Chapman*, 241 F.3d at 846; *see also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."). Thus, Peterson may also proceed against these Defendants.

As to former Warden Williams, Assistant Warden Tejada, and Lieutenant English, however, Peterson alleges only that, as supervisory officials, they failed in their duty to take action against Officer Farley after he searched Peterson's cell. Although an officer's refusal to intervene while a constitutional violation is being committed can give rise to a § 1983 claim, an officer's refusal to take corrective action "about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Additionally, § 1983 creates a cause of action based on fault, and supervisory officials cannot be held strictly liable for the constitutional torts

of subordinate officers.  *See Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003)) ("individual liability under §1983 requires 'personal involvement in the alleged constitutional deprivation'").  Defendants Williams, Tejada, and English are thus dismissed.

As to Deputy Director Gomez, he is listed as a Defendant on the cover of the complaint, but is not mentioned in Peterson's description of his claims.  Peterson's complaint does not indicate how, if at all, Gomez was involved.  Petersons thus states no claim against Deputy Director Gomez.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (a plaintiff must allege enough facts to "adequately connect specific defendants to illegal acts.")

Accordingly, for the reasons stated above, Defendants Dr. Davida, Nurse Mays, Nurse Coleman, Warden Williams, Assistant Warden Tejada, Deputy Director Gomez, and Lieutenant English are dismissed.  Peterson's complaint may proceed against Officers Farley, Sanders, Redd, and Gee, and the Clerk shall issue summonses for these Defendants.

The U.S. Marshal is appointed to serve Defendants.  The Clerk shall mail Peterson four blank USM-285 (Marshals service) forms.  The Court advises Peterson that a completed USM-285 form is required for each Defendant.  The Marshal will not attempt service on a Defendant unless and until the required forms are received. Peterson must therefore complete and return a service form for each Defendant, and failure to do so within thirty-five (35) days of the date of this Order may result in the dismissal of the unserved Defendant, as well as dismissal of this case for lack of prosecution.

The U.S. Marshal is directed to make all reasonable efforts to serve Defendants.  If a Defendant can no longer be found at the work address provided by Peterson, Stateville officials shall furnish the Marshal with Defendant's last-known address.  The information shall be used only for purposes of effectuating service or to show proof of service.  Documentation of the address shall not be maintained in the Court file, nor disclosed by the Marshal.  The Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Peterson is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  In addition, Peterson must send an exact copy of any Court filing to Defendants, or to defense counsel, if an attorney has entered an appearance on behalf of Defendants.  Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed

and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Peterson.

Peterson's motion for attorney representation is denied without prejudice. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Pursuant to 28 U.S.C. § 1915(e)(1), however, courts have discretion to request that an attorney represent an indigent litigant on a volunteer basis. When deciding whether to recruit counsel, this Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but also on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

In the instant case, Peterson does not indicate that he attempted to obtain representation on his own or that he was prevented from doing so. Furthermore, even if Peterson satisfied the initial requirement, this case does not warrant recruitment of counsel at this time. No defendant has been served, no discovery is being conducted, and the case is in its very early stages. Peterson's claim—whether officers interfered with prescribed medical treatment—is not complex. Peterson's pleadings, thus far, are articulate and indicate he has the ability to adequately communicate his claims and litigation needs to the Court. Should this case reach a point where attorney representation is needed, Peterson may renew his request for attorney representation and the Court will revisit whether to recruit counsel.

Date: 3/16/2016

Charles P. Kocoras
United States District Court Judge